**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| MOHAMED F. EL-HEWIE, | : | CIVIL ACTION NO. 09-927 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| JON S. CORZINE, et al., | : |  |
| Defendants. | : |  |

**COOPER, District Judge**

Plaintiff, who is pro se, brought this action against twenty-two defendants, including United States District Judge Faith S. Hochberg, New Jersey Administrative Law Judges Margaret M. Monaco, Walter M. Braswell and Laura Sanders, and New Jersey Governor Jon S. Corzine. (Dkt. entry no. 1, Compl.) The Complaint, including exhibits, exceeds 190 pages. (Id.) Plaintiff seeks relief from proceedings initiated (1) with the New Jersey Commissioner of Education and currently pending before the Superior Court of New Jersey, Appellate Division, and (2) in the United States District Court for the District of New Jersey and currently the subject of an appeal to the United States Court of Appeals for the Third Circuit ("Court of Appeals"). (See id.; dkt. entry no. 9, Wilson & Soukas Br. at 1-3.) See El-Hewie v. Bergen County, No. 08-1760 (FSH). Defendants now move separately to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. entry nos. 9, 11, 13, 16 &

23, Defs. Mots. to Dismiss.)  Plaintiff opposes the separate motions.  (Dkt. entry nos. 15, 22 & 24, Pl. Opp'n Brs.)  The Court determines these separate motions on briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will (1) grant defendants' separate motions, and (2) dismiss the Complaint.

## BACKGROUND

Plaintiff had a one-year contract as a provisional, non-tenured teacher in the Bergen County Vocational School District that was not renewed.  (Wilson & Soukas Br. at 1.)  Plaintiff challenged the non-renewal of his contract by filing a petition with the New Jersey Commissioner of Education ("Commissioner").  (Id.; dkt. entry no. 16, State Defs. Br. at 1.)  After a six-day administrative hearing, the administrative law judge issued an initial decision dismissing plaintiff's petition, which the Commissioner later adopted as the final decision on plaintiff's petition.  (Wilson & Soukas Br. at 1; State Defs. Br. at 2.)  Plaintiff appealed the Commissioner's decision to the Superior Court of New Jersey, Appellate Division, where it is currently pending.  (Wilson & Soukas Br. at 2; State Defs. Br. at 2.)

Plaintiff also brought an action, arising out of the same non-renewal of his employment contract, in the United States District Court for the District of New Jersey.  (Wilson & Soukas Br. at 2; State Defs. Br. at 3.)  See El-Hewie v. Bergen County,

No. 08-1760 (FSH).  In that action, the Court granted defendants' motions to dismiss for failure to state a claim and dismissed the Complaint ("12-10-08 Opinion and Order").  See 12-10-08 Opinion & Order at 11-12, El-Hewie v. Bergen County, No. 08-1760 (D.N.J. Dec. 10, 2008).  Plaintiff appealed that decision to the Court of Appeals and then filed several "post-trial" motions, which the Court denied.  See 2-19-09 Opinion & Order at 3-4, El-Hewie v. Bergen County, No. 08-1760 (D.N.J. Feb. 19, 2009).  Plaintiff also unsuccessfully attempted to file a "Third Amended Complaint."  See 2-2-09 Order, El-Hewie v. Bergen County, No. 08-1760 (D.N.J. Feb. 2, 2009) (instructing that no action be taken on plaintiff's Third Amended Complaint).  Plaintiff's appeal is currently pending before the Court of Appeals.  See El-Hewie v. Bergen County, No. 08-4900 (3d Cir.).

   Plaintiff then initiated this action by re-filing the "Third Amended Complaint" as a new complaint. (Compl.)  This action also arises out of the non-renewal of plaintiff's employment contract and challenges the prior state and federal court decisions.  (See id.)  Defendants now move separately to dismiss the Complaint pursuant to Rule 12(b)(6), arguing that the Complaint is barred by, inter alia, the doctrines of res judicata and judicial immunity.  (See Defs. Mots. to Dismiss.)  Plaintiff opposes the separate motions.  (See Pl. Opp'n Brs.)

**DISCUSSION**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). On a motion to dismiss, a court generally must accept as true all of the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff. Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). A court, however, need not credit bald assertions or legal conclusions alleged in the complaint. Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Also, a court must construe a pro se complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

**A.  Relief from the 12-10-08 Opinion and Order**

Plaintiff, in part, seeks relief from the 12-10-08 Opinion and Order, which was issued by a district court judge from the District of New Jersey. (See Compl.) See 12-10-08 Opinion & Order, El-Hewie v. Bergen County, No. 08-1760 (D.N.J. Dec. 10, 2008). Plaintiff cannot seek relief from the 12-10-08 Opinion and Order from a different district court judge. Rather,

4

plaintiff must seek relief from either the same judge, or the proper Court of Appeals. See Fed.R.Civ.P. 60; L.Civ.R. 7.1(i); Fed.R.App.P. 3-5; see also O'Dell v. U.S. Gov't, 256 Fed.Appx. 444, 445 (3d Cir. 2007) (stating that it is "obviously improper" for plaintiff to attempt to appeal an action to same district court that originally dismissed the action); Falade v. United States, 237 Fed.Appx. 723, 725 (3d Cir. 2007) (dismissing appeal and noting petitioner sought relief in wrong court where she filed new action in the District of New Jersey challenging decisions made by district court in the Southern District of Florida); Olaniyi v. Alexa Cab Co., 239 Fed.Appx. 698, 699 (3d Cir. 2007) (noting that to challenge a district court decision, plaintiff must either move for reconsideration or seek appellate review, but may not file a new action before a different district court judge).

    **B.   Judicial Immunity**

The Complaint, insofar as asserted against various judges, is barred under the absolute-immunity doctrine, as the alleged conduct concerns judicial acts. Judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).

### C. *Younger* Abstention

The Court will abstain from exercising jurisdiction here under the *Younger* abstention doctrine, as the state action referenced here may (1) be ongoing, (2) implicate important state interests, and (3) present an adequate opportunity to raise federal claims therein. See *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *Younger v. Harris*, 401 U.S. 37, 43-54 (1971).

### D. *Rooker*-*Feldman* Doctrine

The Court lacks jurisdiction as to any claims concerning determinations made in the state action referenced here under the *Rooker*-*Feldman* doctrine, as the proper procedure is to seek review through the state appellate process and, if warranted, certiorari to the United States Supreme Court. See *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923). The *Rooker*-*Feldman* doctrine prohibits adjudication of an action where the relief requested would require a federal court to either determine whether a state court's decision is wrong or void that decision, thereby preventing the state court from enforcing its orders or judgments. See *McAllister v. Allegheny County Fam. Div.*, 128 Fed.Appx. 901, 902 (3d Cir. 2005); see also *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that a losing party may not "seek[] what in substance would be appellate review of the state

6

judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Here, the Complaint is barred by the Rooker-Feldman doctrine, as it contests state court decisions made in the state court action. See E.B. v. Verniero, 119 F.3d 1077, 1090 (3d Cir. 1997) (stating Rooker-Feldman doctrine bars federal district court from reviewing decision of lower state court).

**E.   Res Judicata**

Res judicata, or claim preclusion, will bar a suit where there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007) (internal quotation omitted). Thus, under res judicata, a judgment is given "preclusive effect" by "foreclosing relitigation of matters that should have been raised in an earlier suit." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); see Post, 501 F.3d at 169. As a result, a judgment "foreclos[es] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Migra, 465 U.S. at 77 n.1.

All of the components of res judicata appear to be satisfied as to most of plaintiff's claims. "Dismissal for failure to state a claim is a final judgment on the merits for res judicata

7

purposes." Post, 501 F.3d at 169.  Also, many of the defendants named in this action were also named, or are in privity with those named, in the previous federal action.  (See Compl. at 1.) See Complaint at 1, El-Hewie v. Bergen County, No. 08-1760 (D.N.J. Apr. 8, 2008).  Further, the claims here arise from the same transactions or occurrences, specifically the non-renewal of plaintiff's employment contract and his subsequent state court action concerning the non-renewal, as the claims addressed in the previous federal action.

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant defendants' separate motions, and (2) dismiss the Complaint.  The Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Date: June 24, 2009