**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MOHAMED F. EL-HEWIE, | : | CIVIL ACTION NO. 09-927 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| JON S. CORZINE, et al., | : |  |
| Defendants. | : |  |

**THE COURT** having issued an Order and Judgment on June 24, 2009 granting defendants' separate motions to dismiss the Complaint for failure to state a claim ("6-24-09 Order and Judgment") (dkt. entry no. 27, 6-24-09 Order & J.); and plaintiff moving for reconsideration of the 6-24-09 Order and Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59 and Local Civil Rule 7.1 (dkt. entry no. 28, Mot. for Recons.); and defendants separately opposing the motion (dkt. entry nos. 29, 30, 36 & 38, Defs. Opp'n Brs.); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000) that is granted "very sparingly," Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004); and it appearing that its purpose is to correct manifest errors of law or present newly discovered evidence, Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); and it further appearing that a

court may grant a motion for reconsideration if the movant shows at least one of the following: (1) an intervening change in the controlling law, (2) the availability of new evidence that was previously unavailable, or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice, id.; Cataldo, 361 F.Supp.2d at 432-33; and it also appearing that reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the court, Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision."), or (2) the apparent purpose of the motion is for the movant to express disagreement with the court's initial decision, Tehan, 111 F.Supp.2d at 549; and it further appearing that a motion should only be granted where facts or controlling legal authority were presented to, but not considered by, the court, Mauro v. N.J. Supreme Court, 238 Fed.Appx. 791, 793 (3d Cir. 2007); and

**THE COURT** having carefully reviewed the arguments of the parties; and plaintiff now arguing that the Court (1) applied different legal standards than did the New Jersey Commissioner of Education, (2) erred in its assessment that plaintiff's action arose from the non-renewal of his employment contract, (3) can

open the judgments entered by New Jersey Administrative Law Judge Margaret M. Monaco and United States District Judge Faith S. Hochberg to take additional testimony and amend the findings of fact and conclusions of law, and (4) erred in its application of judicial immunity (Mot. for Recons. at 2-7; see dkt. entry no. 33, Pl. Reply Br.); and plaintiff also arguing that the Court overlooked a recent decision by the New Jersey Supreme Court in Leang v. Jersey City Board of Education (Pl. Reply Br. at 3-5), see Leang v. Jersey City Bd. of Educ., 969 A.2d 1097 (N.J. 2009); but Leang not affecting the Court's analysis or determinations leading to the 6-24-09 Order and Judgment; and plaintiff merely restating arguments previously made to, and considered by, this Court; and plaintiff merely asserting his disagreement with the 6-24-09 Order and Judgment; and

**THE COURT** finding that plaintiff (1) has not established that facts or controlling legal authority were presented to, but overlooked by, the Court, see Mauro, 238 Fed.Appx. at 793, and (2) is merely recapitulating the arguments previously raised and asserting his disagreement with the Court's decision, see Arista Recs., 356 F.Supp.2d at 416; Tehan, 111 F.Supp.2d at 549; and the Court finding that plaintiff has not shown a clear error of law or fact, see Max's Seafood Café, 176 F.3d at 677; and the Court concluding that reconsideration of the 6-24-09 Order and Judgment is therefore inappropriate; and the Court thus intending to deny

3

the motion for reconsideration; and the Court having considered the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 7.1(i); and for good cause appearing, the Court will issue an appropriate order.

                                                    s/ Mary L. Cooper
                                                 **MARY L. COOPER**
                                                 United States District Judge

Dated: August 25, 2009